ELLIS J. WESTLAKE AND OTHERS, RESPONDENTS, *v.* SARAH M. WHEAT AND WILLIAM WHEAT, APPELLANTS.

*Trust — what is a sufficient declaration of it.*

On May 4, 1858, George McNish died, leaving a widow, five sons and five daughters. By his will, executed April 14, 1858, he divided among nine of his children all his property, except his homestead and household furniture, which he gave to his widow for life, directing that after her death they should be sold and the proceeds thereof be divided between the nine children named in the will, each son to receive two dollars to the daughters' one, except the defendant Sarah M. Wheat, who should have two dollars, or a son's share. Harriet Westlake, the daughter who was not mentioned or in any way provided for in the will, died in 1862, leaving three children, the plaintiffs herein, who were alive at the time the will was executed.

On May 1, 1858, an instrument was prepared, at the instance of the testator, which, after reciting that in his will, he had bequeathed two shares to the defendant Sarah, one-half of which was intended to be by her laid out and expended for the benefit of his daughter, Harriet Westlake and her children, stated that the said Sarah M. Wheat and her husband accepted the trust and promised the said testator that they would truly and faithfully carry out his views and wishes, in the expenditure of the funds, according to the best judgment of the said Sarah M. The testator intended that the defendants should execute the instrument, but died before that was done. Before the will was admitted to probate the defendants, with full knowledge of the terms of the will, at the request of the widow, acting for Mrs. Westlake and her children, signed sealed and delivered to her the above described instrument.

*Held*, that the recitals contained in said instrument, and the surrounding cir-

cumstances, were sufficient to justify the conclusions that it was the intention of Mrs. Wheat to then divest herself of the title and vest her sister and her sister's children with the title to one-half of the interest bequeathed to her, Mrs. Wheat, and that a legal trust, enforceable against herself and her husband, was thereby established.

APPEAL from a judgment in favor of the plaintiffs, entered in Chemung county, upon the trial of this action by the court without a jury.

*McGuire & Taber*, for the appellants.

*Dailey & Bentley*, for the respondents.

FOLLETT, J. :

APPEAL from a judgment for $606.41 damages, entered upon the decision of a Special Term.

May 4, 1858, George McNish died, leaving a widow, five sons and five daughters. Sarah M. Wheat, defendant, and Hannah Westlake (the plaintiffs' mother), were two of the daughters. By his will, executed April 14, 1858, he divided all of his property, except his homestead and household furniture, between his widow and nine of his children, Harriet Westlake being left wholly unprovided for. The homestead and household furniture were given to the widow for life, and after her death, to be sold and the avails divided between the nine children mentioned in the will (Mrs. Westlake being the one not mentioned), the heirs of a dead child (if any), taking the parent's share, in such proportion that the sons should receive two dollars to the daughters' one dollar, except that Sarah M. Wheat should have two dollars, or a son's share ; in other words, the sons and Mrs. Wheat were each to receive two-fifteenths, and three of his daughters named, one-fifteenth each of the avails of the homestead and furniture.

Mrs. Westlake died intestate, in the year 1862, leaving three sons, the plaintiffs, who were in being when the testator died. In 1878 the testator's widow died, and thereafter, the homestead and furniture were sold and the avails divided ; each of the sons and Sarah M. Wheat receiving two-fifteenths, $1,005.25, and each of the three daughters named in the will, one-fifteenth, $502.62. The plaintiffs received nothing, but claim that the defendants hold $502.62 in trust for them, under the following instrument :

" *Whereas*, George McNish, of Horseheads, Chemung county, and State of New York, has, by his last will and testament, bequeathed to his daughter Sarah M. Wheat, wife of William Wheat, two shares of the property that shall remain to be divided according to the terms of his said will after the death of his wife Julia McNish, the one-half of said bequest was intended by the testator as a fund to be used for the benefit of his daughter Harriet Westlake, wife of Charles Westlake, and her children, to be by her, the said Sarah M. Wheat, laid out and expended for their benefit as aforesaid, at such times and in such manner as the said Sarah M. Wheat shall deem expedient.

Now, therefore, we the said William Wheat and Sarah M. Wheat, do hereby accept the trust so as aforesaid reposed in the said Sarah M. Wheat, by the aforesaid George McNish, and we do hereby promise the said George McNish, that we will truly and faithfully carry out his views and wishes in the expenditure of the funds aforesaid, so far as in our power lies, and according to the best judgment of the said Sarah M.

" In witness whereof we have hereunto set our hands and seals this 1st day of May, 1858.

" In presence of

" WILLIAM WHEAT, [L. S.]
"SARAH M. WHEAT, [L. S.]"

The trial court found, as facts, that this instrument was drafted on the day of its date at the instance of the testator, who intended to procure the defendants to execute it, but died before doing so. The will was probated May 24, 1858. The trial court also found, that after the testator's death, and before May 24, 1858, the defendants, with full knowledge of the terms of the will, at the request of Julia McNish, the widow, acting for Mrs. Westlake and her children, signed, sealed and delivered to her the foregoing instrument. It is also found that the testator intended that Mrs. Wheat should hold one-half of the amount given to her, in trust for Harriet Westlake and her children.

The defendants, before this action was brought, repudiated the alleged trust, and Mrs. Wheat claimed to hold the whole sum in her own right, under the will. No question is made over the fact· that the judgment is for the recovery of the trust fund. The inter-

est given Mrs. Wheat by the will cannot be diminished or "altered otherwise than by some other will in writing, or some other writing of the testator, declaring such revocation or alteration and executed with the same formalities with which the will itself was required by law to be executed." (2 R. S. 64, § 42.) The testator's legal intent, evinced by the will, controls the rights of the parties, and his actual intent, evinced by the unexecuted writing of May 1, 1858, and his oral declarations that Mrs. Wheat should hold one-half of the interest bequeathed to her in trust for Mrs. Westlake and her children does not convert Mrs. Wheat's absolute title to the whole bequest to a title in trust for Mrs. Westlake and her children to one-half of the bequest. The will speaks as of the testator's death, and when he died Mrs. Wheat was entitled, under the will, to two-fifteenths of the remainder of the homestead and furniture, and Mrs. Westlake to nothing.

Prior to defendant's execution of the above-quoted instrument, called a "declaration of trust," no legal obligation rested on the defendants, or either of them, in favor of Mrs. Westlake or her children. The plaintiff's right of action, if any, against the defendants, arises out of the "declaration of trust," somewhat aided, it may be, by the moral obligation resting upon Mrs. Wheat to carry out her father's wishes in respect to providing for her sister and and her children.

A donee's rights arising from an executed gift, or from an executed voluntary settlement, may be enforced against the donor or settler. It is an exception, rather than a rule, to find trusts founded upon valuable considerations, or upon a consideration which would support an executory promise. If this declaration of trust and the surrounding circumstances are sufficient to justify the conclusion that it was the intention of Mrs. Wheat to *then* divest herself of the title, and vest her sister and her children with the title to one-fifteenth of the residuum, or one-half of the interest bequeathed to her, and thereafter that her husband and herself should hold and administer the one fifteenth for the benefit of Mrs. Westlake and her children, a legal trust was established, enforceable against the defendants. ( *Wright* v. *Miller*, 1 Sandf. Ch., 103; rev. 4 Barb., 600, affirmed, 8 N. Y., 9; *Day* v. *Roth*, 18 id., 448; *Martin* v. *Funk*, 75 id., 134; *Young* v. *Young*, 80 id., 422;

*Kekewich* v. *Manning*, 1 De Gex, M. & G., 176; 2 Pom. Eq. Jur, §§ 996, 997; 1 Perry on Trusts, §§ 95–100; Lewin on Trusts [8th ed.], chap. 6.) The discussion of the subject by the author last cited is full and instructive. Under the evidence, we think it was well held that the defendant perfectly converted themselves into trustees, in favor of Mrs. Westlake and her children, of the one-fifteenth of the homestead and furniture.

It is urged that the findings that defendants sealed the declaration of trust, that defendants signed it with full knowledge of the terms of the will, and that the intestate intended that one-half of the legacy to Mrs. Wheat should be applied for the benefit of Mrs. Westlake are contrary to the evidence, for which reason the judgment should be reversed. It is recited in the declaration of trust that it is sealed. Charles Westlake testified that defendants delivered it to Mrs. McNish in his presence shortly after the testator's death, and that Mrs. McNish delivered it to Mrs. Westlake on the same day, and that it was then sealed. Frank Westlake testified that the instrument was in the same condition at the trial that it was when he first saw it, many years before. The defendants testified that it was not sealed when they executed it, and their son-in-law testified that it was not sealed when he copied it, four or five years before. This evidence presented a question of fact, the decision of which this court will not disturb.

We are not disposed to believe, from the circumstances, that the defendants executed the instrument without knowing the terms of the will; and the fact that this declaration of trust was drawn at the instance of the testator and by the person who drew the will, is a circumstance supporting the finding in respect to the testator's intention. The situation of these families has greatly changed since the declaration of trust was signed. Then the father had just died, the mother was alive and these sisters lived near each other with their children. Twenty years passed before the mother died, and Mrs. Wheat's interest under the will vested in possession. Seven years more elapsed before this case was tried. Mrs. Westlake had been then twenty-three years dead, her children had become men and were scattered, and the feelings existing at and about the time of the father's death had undoubtedly changed. Under these circumstances we do not think it strange that the court found, in

effect, that self-interest and the lapse of twenty-seven years had dulled the recollection of the defendants as to some of the facts and circumstances attending the execution of this instrument. We do not think the defendants can justly complain of the findings of fact.

The judgment is affirmed, with costs.

HARDIN. P. J.. and BOARDMAN, J., concurred.

Judgment affirmed with costs.